FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 22, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZOE GETZELS and QUENTIN BODIGUEL,<br><br>    Plaintiffs,<br><br>    v.<br><br>KIRBY AI, an individual; EVIE VAUGHAN, and individual; VAN VENTURE AI, LLC, a dissolved Washington Limited Liability Company; and KIRBY AI and EVIE VAUGHAN as members of VAN VENTURE AI, LLC,<br><br>    Defendants. | No. 2:24-CV-161-MKD<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING LEAVE TO AMEND<br><br>**ECF No. 15** |

Before the Court is Defendants' Motion to Dismiss. ECF No. 15. On November 18, 2024, the Court held a hearing. ECF No. 24. Henry Rymer appeared for Plaintiffs. Caleb Hatch appeared for Defendants. This Order memorializes and supplements the Court's oral ruling granting Defendants' motion and grants Plaintiffs leave to file a Second Amended Complaint.

ORDER - 1

# BACKGROUND

Plaintiffs' First Amended Complaint asserts five claims: (1) breach of contract; (2) breach of implied contract; (3) fraudulent Inducement; (4) negligent misrepresentation; and (5) violation of the Washington Consumer Protection Act (CPA).  ECF No. 13 at 16-20.  First, Plaintiffs allege Defendants have "failed to comply with their contractual obligations . . . caus[ing] Plaintiffs damages in an amount to be proven at trial, but in any event in excess of $75,000." *Id.* at 16.  Second, Plaintiff alternatively pleads "[i]f there was no express contract between Plaintiffs and Defendants, then one should be implied from their conduct or as a matter of law." *Id.*  Third, Plaintiffs allege "[t]he facts regarding Van Venture's abilities/expertise and the time necessary to perform the work were uniquely within the knowledge of Van Venture and Kirby [Ai] and could not have been readily learned by Plaintiffs." *Id.* at 17 ¶ 62.  Plaintiffs assert they "justifiably and reasonably relied upon the[se] representations" and "[h]ad they known the truth, they would not have contracted with Van Venture." *Id.* at 17-18 ¶¶ 63-64.  Fourth, Plaintiffs allege "Kirby [Ai] and Van Venture supplied information for the guidance of Plaintiffs in their transaction with Van Venture, which was false, or failed to correct information regarding Van Venture's abilities/expertise and the duration of the build which they knew Plaintiffs did not possess." *Id.* at 18 ¶ 67.  Plaintiffs also allege that "Kirby and Van Venture were negligent in

ORDER - 2

communicating the false information . . . or failing to correct it" and "Plaintiffs justifiably and reasonably relied on the false information." *Id.* ¶¶ 69-70. Finally, Plaintiffs allege all Defendants violated the CPA by engaging in "deceptive and/or unfair business practices," "holding themselves out [publicly] as van conversion experts that could adequately and timely complete work," and "clearly [Defendants] did not have such expertise[.]" *Id.* at 19 ¶ 74.

## LEGAL STANDARD

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

ORDER - 3

**DISCUSSION**

Defendants move to dismiss Plaintiffs' Defendants First Amended Complaint in its entirety, contending Plaintiffs have failed to state a claim for all causes of action. ECF No. 15 at 9-18.

*1. Breach of Contract*

To establish breach of contract, Plaintiffs must demonstrate: (1) the existence of a valid contract; (2) breach of that contract; and (3) resulting damages. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. App. 1995). The necessary elements of contract formation are: (1) offer; (2) acceptance; (3) competent parties; (4) legal subject matter; and (5) consideration. *Lager v. Berggren,* 60 P.2d 99, 101 (Wash. 1936). "Under Washington law, a contract requires mutual assent to its essential terms in order to be binding." *Lee v. Intelius Inc.*, 737 F.3d 1254, 1259 (9th Cir. 2013). To sufficiently allege Defendants' breach, Plaintiffs must demonstrate the Defendants failed to perform a contractual duty as stipulated in the contract. *Nw. Indep. Forest Mfrs.*, 899 P.2d at 9. "Damages are not recoverable for loss beyond an amount that the evidence permits to be established with reasonable certainty." *Columbia Park Golf Course, Inc. v. City of Kennewick*, 248 P.3d 1067, 1076 (Wash App. 2011) (citing *Kadiak Fisheries Co. v. Murphy Diesel Co.*, 422 P.2d 496, 504 (Wash. 1967)).

ORDER - 4

Plaintiffs have failed to state a breach of contract claim for three reasons. First, Plaintiffs have failed to sufficiently allege the existence of a valid contract between the parties. Second, even if they had, Plaintiffs still have failed to sufficiently allege Defendants' breach of any contractual obligation. Finally, even if Plaintiffs had sufficiently alleged the prior two elements, Plaintiffs also have failed to identify specific damages that directly resulted from any breach. Plaintiffs have thus failed to state a valid breach of contract claim.

### 2. Breach of Implied Contract

The "elements of a contract implied in law"—or unjust enrichment—"are: (1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008) (en banc). The "elements of a contract implied in fact"—or quantum meruit—"are: (1) the defendant requests work, (2) the plaintiff expects payment for the work, and (3) the defendant knows or should know the plaintiff expects payment for the work." *Id.* at 1263. "'[U]njust enrichment' is founded on notions of justice and equity whereas 'quantum meruit' is founded in the law of contracts, a legally significant distinction." *Id.* If the same subject matter governs both claims, the implied contract claim should be dismissed. *Woodard v. Boeing Emps. Credit Union*, 2023 WL 4847126, at *5-6 (W.D. Wash. July 28, 2023) (on motion to dismiss,

ORDER - 5

dismissing implied contract and unjust enrichment claims where an express contract governed the same subject matter).

Plaintiffs have failed to differentiate which facts separately form the basis of their implied contract claim: Plaintiffs have failed to sufficiently allege *if* and *when* an implied contact arose. Plaintiffs failed to specify whether the implied contract was one in law or in fact. Plaintiffs have also failed to sufficiently plead the elements of this cause of action and thus failed to state a valid breach of implied contract claim.

3. Fraudulent Inducement

"There are nine essential elements of fraud, all of which must be established by clear, cogent, and convincing evidence: (1) a representation of existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity, (5) the speaker's intent that it be acted upon by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom the representation is addressed, (7) the latter's reliance on the truth of the representation, (8) the right to rely upon it, and (9) consequent damage." *Elcon Const., Inc. v. E. Washington Univ.*, 273 P.3d 965, 970 (Wash. 2012) (citation omitted).

"To avoid dismissal for inadequacy under Rule 9(b), [Plaintiffs'] complaint would need to 'state the time, place, and specific content of false representations as well as the identifies of the parties to the misrepresentation." *Edwards v. Marin*

ORDER - 6

1  *Park, Inc.*, 356 F.3d 10158, 1066 (9th Cir. 2004) (citing *Alan Neuman Prods., Inc*
2  *v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1989)).

3  Plaintiffs have failed to sufficiently plead the time, place, and content of the misrepresentation, as required under Rule 9(b). Plaintiffs have thus failed to state a valid fraudulent inducement claim.

    *4. Negligent Misrepresentation*

Washington has adopted the Restatement (Second) of Torts, which sets forth the elements of a negligent misrepresentation claim: "One who, in the course of his business, profession or employment ... supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Havens v. C & D Plastics, Inc.*, 876 P.2d 435, 447 (Wash. 1994) (en banc). "The proof must be clear, cogent and convincing." *Id*. (citation omitted).

The parties dispute whether this claim falls under Rule 9(b). *Compare* ECF No. 15 at 19 (arguing 9(b) is applicable given negligent misrepresentation is "grounded in fraud") (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04, 1107 (9th Cir. 2003)), *with* ECF No. 20 at 13-14 (arguing "*negligent* misrepresentation is not *fraud* and Rule 9(b) is inapplicable) (emphasis in original). However, because Plaintiffs' claim fails to satisfy the more liberal requirements of

ORDER - 7

1  Rule 8(a)(2), the Court need not resolve whether the claim falls under Rule 9(b)'s

2  stricter standard.  At bottom, Plaintiffs have failed to sufficiently allege an

3  actionable misrepresentation.  *Cf. Wessa v. Watermark Paddlesports, Inc.*, 2006

4  WL 1418906, at *3 (W.D. Wash. May 22, 2006) ("Promises of future performance

5  are not representations of presently existing fact.") (citation omitted).  Plaintiffs

6  have thus failed to state a valid negligent misrepresentation claim.

7       5.  CPA

8       The CPA provides that "[u]nfair methods of competition and unfair or

9  deceptive acts or practices in the conduct of any trade or commerce" are unlawful.

10 RCW 19.86.020.  Washington courts use a five-part test to assess private actions

11 brought under the CPA.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.*

12 *Co.*, 719 P.2d 531, 535 (Wash. 1986).  Plaintiffs must demonstrate (1) an unfair or

13 deceptive practice or act; (2) in commerce or trade; (3) that affects the public

14 interest; (4) injury to the plaintiffs' business or property; and (5) a causal link

15 between the unfair or deceptive practice or act and the injury suffered.  *Id.*

16      Defendants contend Plaintiffs have failed to satisfy the first, third, and fourth

17 elements.  ECF No. 15 at 22-24.  The Court agrees.  Plaintiffs have failed to

18 sufficiently allege an unfair or deceptive act that effects the public interest and an

19 injury to Plaintiffs' property.

20

ORDER - 8

## CONCLUSION

For the reasons discussed above, Plaintiffs' First Amended Complaint is dismissed in its entirety. Plaintiffs are granted leave to file a Second Amended Complaint by December 9, 2024, for the reasons stated on the record at the November 18, 2024, hearing. *See Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (noting "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citations omitted).

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss, **ECF No. 15**, is **GRANTED**.

2. Plaintiffs' First Amended Complaint, **ECF No. 13**, is **DISMISSED without prejudice**.

3. Plaintiffs may file a Second Amended Complaint by December 9, 2024.

**IT IS SO ORDERED.** The Clerk's Office is hereby directed to enter this Order and provide a copy to counsel.

DATED November 22, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 9