FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 26, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZOE GETZELS and QUENTIN BODIGUEL,<br><br>              Plaintiffs,<br><br>  v.<br><br>KIRBY AI, an individual; EVIE VAUGHAN, and individual; VAN VENTURE AI, LLC, a dissolved Washington Limited Liability Company; and KIRBY AI and EVIE VAUGHAN as members of VAN VENTURE AI, LLC,<br><br>              Defendants. | No. 2:24-cv-00161-MKD<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT<br><br>**ECF No. 27** |

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint. ECF No. 27. Henry A. Rymer represents Plaintiffs. Caleb Hatch represents Defendants. The Court has reviewed the motion and record and is fully informed. For the reasons explained below, the Court **GRANTS in part and DENIES in part** the motion.

ORDER - 1

## BACKGROUND

Plaintiffs' Second Amended Complaint asserts five claims: (1) breach of contract; (2) breach of implied contract; (3) fraudulent Inducement; (4) negligent misrepresentation; and (5) violation of the Washington Consumer Protection Act (CPA). ECF No. 26 at 22-39. First, Plaintiffs allege Defendants have "failed to comply with their contractual obligations . . . caus[ing] Plaintiffs' damages in an amount to be proven at trial, but at a minimum over $100,000.00." *Id.* at 23-24 ¶¶ 35-36. Second, Plaintiff pleads "[i]n the alternative to Plaintiffs' breach of express contract claim, Defendants were unjustly enriched and a contract implied in law is applicable to the instant case." *Id.* at 24 ¶ 38. Third, Plaintiffs allege "Defendants Kirby and Van Venture intentionally misrepresented to Plaintiffs that they had the requisite experience and expertise to adequately convert Plaintiffs' van in February 2022." *Id.* at 26 ¶ 43. Fourth, Plaintiffs allege "Van Venture, through its publicly accessible website and Defendant Kirby's representations, negligently misrepresented the then-existing fact attestations of their level of expertise in the field of van conversions to Plaintiffs." *Id.* at 31 ¶ 54. Plaintiffs assert they "relied on the false information Van Venture provided them by agreeing to do business with Van Venture" and "[h]ad Plaintiffs known the truth regarding Van Venture's expertise they would not have done business with them." *Id.* at 33 ¶¶ 58-59. Finally, Plaintiffs allege all Defendants violated the CPA by engaging in "unfair

1  and deceptive acts occur[ing] in commerce or trade" that "effect the public
2  interest" and "Plaintiffs suffered injury to their property as a result[.]" *Id.* at 36 ¶¶
3  66-68.

## LEGAL STANDARD

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id*. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## DISCUSSION

Defendants move to dismiss Plaintiffs' Defendants Second Amended Complaint in its entirety, contending Plaintiffs have failed to state a claim for all causes of action asserted. ECF No. 27 at 9-26.

ORDER - 3

*1. Breach of Contract*

To establish breach of contract, Plaintiffs must demonstrate: (1) the existence of a valid contract; (2) breach of that contract; and (3) resulting damages. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. App. 1995). The necessary elements of contract formation are: (1) offer; (2) acceptance; (3) competent parties; (4) legal subject matter; and (5) consideration. *Lager v. Berggren,* 60 P.2d 99, 101 (Wash. 1936). "Under Washington law, a contract requires mutual assent to its essential terms in order to be binding." *Lee v. Intelius Inc.*, 737 F.3d 1254, 1259 (9th Cir. 2013). To sufficiently allege Defendants' breach, Plaintiffs must demonstrate Defendants failed to perform a contractual duty as stipulated in the contract. *Nw. Indep. Forest Mfrs.*, 899 P.2d at 9. "Damages are not recoverable for loss beyond an amount that the evidence permits to be established with reasonable certainty." *Columbia Park Golf Course, Inc. v. City of Kennewick*, 248 P.3d 1067, 1076 (Wash. App. 2011) (citing *Kadiak Fisheries Co. v. Murphy Diesel Co.*, 422 P.2d 496, 504 (Wash. 1967)).

Plaintiffs' breach of contract claim sufficiently alleges the existence of a valid contract between the parties, *see* ECF No. 26 at 9-11 ¶¶ 16-18; alleges the contractual terms Defendants breached, *see id.* at 23 ¶ 35; and identifies "with reasonable certainty" damages that directly resulted from the alleged breach, *see*

ORDER - 4

*id.* at ¶¶ 34-35.  The Court thus DENIES Defendants' motion with respect to this cause of action.

      2.  *Breach of Implied Contract*

The "elements of a contract implied in law"—or unjust enrichment—"are: (1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008) (en banc).  A contract implied in fact—or quantum meruit—is based upon "an agreement depending for its existence on some act or conduct of the party sought to be charged and arising by implication from circumstances, which according to common understanding, show a mutual intention on the part of the parties to contract with each other.  The services must be rendered under such circumstances as to indicate that the person rendering them expected to be paid therefor, and that the recipient expected, or should have expected, to pay for them." *Id*. at 1262-63.  "'[U]njust enrichment' is founded on notions of justice and equity whereas 'quantum meruit' is founded in the law of contracts, a legally significant distinction." *Id.* at 1263.  If the same subject matter governs both claims, the implied contract claim should be dismissed. *Woodard v. Boeing Emps. Credit Union*, 2023 WL 4847126, at *5-6 (W.D. Wash. July 28, 2023) (on motion to

ORDER - 5

dismiss, dismissing implied contract and unjust enrichment claims where an express contract governed the same subject matter).

Plaintiffs' Second Amended Complaint sufficiently meets the elements of an unjust enrichment claim: as alleged, Defendants received payment from Plaintiffs in excess of $100,000 and Plaintiffs allege they did not receive a commensurate benefit in exchange. *See* ECF No. 28 at 7-8 ("As a result of this remittance, Plaintiffs neither have the money they paid Defendants nor the converted van that Defendants promised to deliver – clearly demonstrating that Defendants received the benefit of payment at the expense of Plaintiffs."). Because some of Plaintiffs' payments predated the execution of the parties' formal contract, the Court declines to dismiss this claim as duplicative of the breach of contract claim. The Court thus DENIES Defendants' motion as to this cause of action.

*3. Fraudulent Inducement*

"There are nine essential elements of fraud, all of which must be established by clear, cogent, and convincing evidence: (1) a representation of existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity, (5) the speaker's intent that it be acted upon by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom the representation is addressed, (7) the latter's reliance on the truth of the representation, (8) the right to

ORDER - 6

rely upon it, and (9) consequent damage." *Elcon Const., Inc. v. E. Washington Univ.*, 273 P.3d 965, 970 (Wash. 2012) (citation omitted).

"To avoid dismissal for inadequacy under Rule 9(b), [Plaintiffs'] complaint would need to 'state the time, place, and specific content of false representations as well as the identifies of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 10158, 1066 (9th Cir. 2004) (citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1989)).

Plaintiffs have sufficiently pleaded the time, place, and content of the alleged misrepresentation, as required under Rule 9(b). *See* ECF No. 26 at ¶ 43 (alleging Defendants, in February 2022, misrepresented they had the "requisite experience and expertise to adequately convert Plaintiffs' van," including relaying, in telephonic communications, they had the "requisite skills in the field of electrical, carpentry, plumbing, and related subject matters as they pertain to converting a van, as well as having the requisite experience and expertise to incorporate customized facets, materials, and features in the van."). Plaintiffs' allegations, *see id.* at ¶¶ 43-52, also sufficiently meet the nine elements of fraud, as described above. The Court thus DENIES Defendants' motion with respect to this cause of action.

ORDER - 7

*4. Negligent Misrepresentation*

Washington has adopted the Restatement (Second) of Torts, which sets forth the elements of a negligent misrepresentation claim: "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Havens v. C & D Plastics, Inc.*, 876 P.2d 435, 447 (Wash. 1994) (en banc). "The proof must be clear, cogent and convincing." *Id.* (citation omitted). As before, the parties dispute whether this claim falls under Rule 9(b). *Compare* ECF No. 27 at 21 (arguing 9(b) is applicable given negligent misrepresentation is "grounded in fraud") (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04, 1107 (9th Cir. 2003)), *with* ECF No. 28 at 13-14 (Arguing "*negligent* misrepresentation is not *fraud* and Rule 9(b) is inapplicable.") (emphasis in original).

As discussed above, however, because Plaintiffs have sufficiently pleaded a fraudulent inducement claim—one that falls under Rule 9(b)'s stricter standard and involves an *intentional* misrepresentation—Plaintiffs have also necessarily sufficiently plead a negligent misrepresentation claim—one that involves a failure to *exercise reasonable care* in communicating false information. Given the

ORDER - 8

overlapping allegations attendant to both causes of action, the Court DENIES Defendants' motion with respect to this cause of action.

5. *CPA*

The CPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. RCW 19.86.020. Washington courts use a five-part test to assess private actions brought under the CPA. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986). Plaintiffs must demonstrate (1) an unfair or deceptive practice or act; (2) in commerce or trade; (3) that affects the public interest; (4) injury to the plaintiffs' business or property; and (5) a causal link between the unfair or deceptive practice or act and the injury suffered. *Id.*

Defendants contend Plaintiffs have failed to satisfy the first, third, and fourth elements. ECF No. 27 at 24-26. The Court agrees, though only as to the third element. The Second Amended Complaint lacks facts demonstrating a public interest impact, such as a pattern of deceptive practices or harm to other consumers. *See Hangman Ridge*, 719 P.2d at 538 ("Factors indicating public interest in this context include: (1) Were the alleged acts committed in the course of defendant's business? (2) Did defendant advertise to the public in general? (3) Did defendant actively solicit this particular plaintiff, indicating potential solicitation of others? (4) Did plaintiff and defendant occupy unequal bargaining

positions? As with the factors applied to essentially consumer transactions, not one of these factors is dispositive, nor is it necessary that all be present. The factors in both the 'consumer' and 'private dispute' contexts represent indicia of an effect on public interest from which a trier of fact could reasonably find public interest impact."). Accordingly, Plaintiffs have failed to state a viable CPA claim and the Court GRANTS Defendants' motion with respect to this cause of action.

## CONCLUSION

For the reasons discussed above, Plaintiffs' Second Amended Complaint is dismissed in its entirety.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss, **ECF No. 27**, is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

DATED June 26, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 10